IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| John F. Oglesby #194567,<br><br>                      Plaintiff,<br><br>v.<br><br>Sgt. Brown, Ofc. Vanderlinden, Capt. Jones, Capt. Young, Sgt. Davis, Corp. Daniels, Nurse Collins, AW Stephan, Warden Dennis Bush, and Major Ocean,<br><br>                      Defendants, | Case No. 8:19-cv-00016-SAL<br><br><br>**OPINION AND ORDER** |

      This matter is before the Court for review of the January 17, 2020 Report and Recommendation of United States Magistrate Judge Jacquelyn D. Austin (the "Report"), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.). In the Report, the Magistrate Judge recommended that the Motion for Summary Judgment filed by Warden Dennis Bush, Sgt. Brown, Capt. Jones, Ofc. Vanderlinden, Capt. Young, AW Stephan, and Major Ocean ("Prison Official Defendants"), ECF No. 50, be granted, except with respect to claims of excessive force and deliberate indifference against Defendants Bush, Brown, Jones, Vanderlinden, Stephan, and Ocean in their individual capacities. Additionally, the Magistrate Judge recommended that Defendant Nurse Collins' Motion for Summary Judgment, ECF No. 84, be granted. On January 31, 2020, the Prison Official Defendants filed objections to the Report. ECF No. 96. Plaintiff replied out of time on February 26, 2020, *see* ECF No. 98, and filed a corresponding Motion for Extension of Time on March 2, 2020. ECF No. 99.

**I.    Plaintiff's Motion for Extension of Time**

      In order to consider Plaintiff's request, a review of the relevant procedural history is

1

instructive. As noted above, on January 17, 2020, the Magistrate Judge issued the Report, ECF No. 94, recommending resolution of Defendants' motions for summary judgment. The Report included a Notice of Right to File Objections. *Id*. Defendants timely filed their objections on January 31, 2020. ECF No. 96. Plaintiff did not timely file any objections. On February 26, 2020, however, Plaintiff filed a reply to the Prison Official Defendants' objections, which it appears he dated February 14, 2020. ECF No. 98. On March 2, 2020, Plaintiff filed a motion for extension of time. ECF No. 99. Plaintiff's reasoning for requesting extension is as follows:

> Plaintiff received the Report and Recommendation on January 28, 2020 at the McCormick Correctional Mailroom. Plaintiff gained access to the Law Library facilities on Jan. 29, 2020 and has not been able to gain usage of the facilities again, Due to lockdowns, shortages of security or staff and the facility being closed on fridays and weekends.

ECF No. 99 at 1. Plaintiff requested an extension until February 10, 2020. Plaintiff dated this motion January 29, 2020, and it was received by the Clerk on March 2, 2020. Defendants filed their Response in Opposition for Plaintiff's Motion for Extension of Time on March 04, 2020. ECF No. 100.

Rule 6(b) of the Federal Rules of Civil Procedure provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Plaintiff has not shown good cause or excusable neglect. While Plaintiff complains about not having access to the law library, this obstacle did not prevent him from writing the reply to Defendants' objections on February 14, 2020. As of now, Plaintiff has still yet to file any objections to the Report, even though he requested an extension of time until February 10, 2020. Accordingly, the Motion for Extension of Time to File Objections is denied, *see Major v. Housing*

2

*Authority of City of Greenville*, No. 6:12-cv-00183, 2012 WL 3000676, at *1 (D.S.C. July 23, 2012) (denying motion for extension of time to file objections where plaintiff failed to show good cause), and the Court does not consider Plaintiff's reply filed out of time.

## II.     Background

Plaintiff filed this action on January 2, 2019, pursuant to 42 U.S.C. § 1983, alleging use of excessive force and deliberate indifference to a serious medical need in violation of his constitutional rights. ECF No. 1. The operative complaint alleges that on October 14, 2017, while Plaintiff was an inmate at Broad River Correctional Institution ("Broad River"), Defendant Officer Vanderlinden and Defendant Sgt. Brown assaulted Plaintiff outside the medical office at Broad River. ECF No. 1-2 at 15. In addition, Plaintiff alleges Defendants acted with deliberate indifference in failing to provide him with medical care and preventing him from receiving care on multiple occasions. ECF 1-2 at 14-23. Defendants moved for summary judgment, ECF No. 50, arguing, among other things, that Plaintiff had not forecasted any evidence creating a genuine factual dispute regarding whether Defendants Vanderlinden and Brown used any force against him on October 14, 2017. *Id*.

Plaintiff's Response to the Prison Official Defendants' motion, ECF No. 68, which includes several affidavits and declarations, recounts one version of events. According to Plaintiff's own affidavit, he describes that he was instructed to "report to medical immediately if any complications presented themselves" from a surgery on October 2, 2017. ECF No. 68-1 at 18. He states that "on October 14, 2017, [he] was suffering with chest pains with difficulty breathing and at the advice of Corp. McCrae working B-wing officer to report to medical at the noon insulin diabetic call to receive insulin therapy and to report medical complications." *Id*. (verbatim).

Plaintiff states that he arrived at the medical unit but was denied entry. *Id*. Soon after, Plaintiff alleges that "Sgt. John K. Brown he hit me in my face area with a closed fist and Ofc. Kalib Vanderlinden who was standing behind me clipped my feet from under me and I fell to the sidewalk." *Id*. at 19. In addition to his affidavit, Plaintiff has included the declarations of two other inmates, John Kittrell, *see* ECF No. 68-1 at 30-33, and James Steen, ECF No. 68-1 at 35-36, which offer some corroboration for Plaintiff's assertions. In particular, the declaration of James Steen states that on the date of the alleged assault, Steen saw that one of Plaintiff's eyes was "blood-shot and puffy" and that Plaintiff was having "trouble walking." *Id*. at 35.

This version of events is contradicted by the affidavits of Angela Hardin, Cheryl Werre, Officer Vanderlinden, Sgt. Brown, and Capt. Jones. These witnesses generally attest that they do not recall ever seeing Plaintiff on October 14, 2017, and that no assault occurred. In particular, Cheryl Werre's affidavit describes that on October 17, 2018, three days after the alleged assault, Plaintiff was seen at medical, and the nurse noted Plaintiff "was in no acute distress and walking freely." ECF No. 50-6 at 3. The nurse noted that Plaintiff "did not complain about and/or did not appear to have a swollen blood shot eye, bruised shoulder, chest and stomach areas, scratches on his face, and painful throat and spinal area." *Id*. at 4-5.

This case presents two separate versions of events. Plaintiff's inability to document or produce any record of the events is certainly a factor that a fact finder could consider, but as the Magistrate Judge noted, "it does not so clearly demonstrate the falsity of Plaintiff's claim that the assault occurred." ECF No. 94 at 16. Defendants object to this conclusion and argue that Plaintiff's version of events is based solely upon "allegations" and raise no genuine issue of material fact. ECF No. 96 at 1. Because the Court finds that the evidence forecasted by Plaintiff is sufficient for

him to carry his burden at this stage, the Court adopts the Report over the Prison Official Defendants' objections.

### III.   Standard of Review

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the Court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

### IV.   Discussion

Defendants' overarching objection to the Report is that Plaintiff's case is based solely upon allegations and that the record does not give rise to a genuine issue of material fact. Reviewing the record de novo, Plaintiff's verified complaint, sworn affidavit, and other forecasted evidence regarding the events that occurred on October 14, 2017 are sufficient to preclude summary judgment on the excessive force and deliberate indifference claims against Defendants Brown, Vanderlinden, Jones, Young, Stephen, Bush, and Ocean, in their individual capacities.

    **A.**    **The dispute over whether this alleged assault ever occurred is a genuine issue of material fact which precludes summary judgement in favor of the Prison Official Defendants.**

Summary judgment is appropriate when no genuine issue of material fact exists, and the

moving party is entitled to judgment as a matter of law. *Reyazuddin v. Montgomery Cty., Md.*, 789 F.3d 407, 413 (4th Cir. 2015); Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party, *Reyazuddin*, 789 F.3d at 413, but the Court "cannot weigh the evidence or make credibility determinations." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015).

Moreover, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "A dispute of material fact is 'genuine' if sufficient evidence favoring the non-moving party exists for the trier of fact to return a verdict for that party." *Seastrunk v. United States*, 25 F. Supp. 3d 812, 814 (D.S.C. 2014). A fact is "material" if proof of its existence or nonexistence would affect disposition of the case under the applicable law. *Anderson*, 477 U.S. at 248.

At the summary judgment stage, "the moving party must demonstrate the absence of a genuine issue of material fact. Once the moving party has met his burden, the nonmoving party must come forward with some evidence beyond mere allegations contained in the pleadings to show that there is a genuine issue for trial." *Baber v. Hosp. Corp. of Am.*, 977 F.2d 872, 874-75 (4th Cir. 1992) (internal citation omitted). Summary judgment is not warranted, unless, "from the totality of the evidence, including pleadings, depositions, answers to interrogatories, and affidavits, the [C]ourt believes no genuine issue of material fact exists for trial and the moving party is entitled to judgment as a matter of law. *Whiteman v. Chesapeake Appalachia, L.L.C.*, 729 F.3d 381, 385

(4th Cir. 2013); see also *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

Each party gives a completely different story regarding the existence of the alleged assault. Plaintiff alleges and forecasts evidence that the assault occurred outside of medical on October 14, 2017. Defendants argue and forecast evidence that the alleged assault never occurred. This is the quintessential case that cannot be resolved on summary judgment. *See Zoroastrian Ctr. & Dar-E-Mehr of Metro. Wash., D.C. v. Rustam Guiv Found. Of N.Y.*, 822 F.3d 739, 751 (4th Cir. 2016) ("Where the determination of what actually happened depends on an assessment of the credibility of the respective witnesses, this assessment is a disputed issue of fact that cannot be resolved on summary judgment."). An excessive force claim, like the one brought by Plaintiff, requires some physical interaction between inmate and officer and a determination of whether any interaction occurred must be decided by a fact finder, not the Court.

The use of excessive force upon an inmate by correctional officers violates the Eighth Amendment's prohibition against cruel and unusual punishment. *Hudson v. McMillan*, 503 U.S. 1, 5 (1992). To state an excessive force claim, an inmate must show (1) that the correctional officers acted with a sufficiently culpable state of mind and (2) that the harm inflicted on the inmate was sufficiently serious. *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996). For Plaintiff to prevail on his claim of excessive force, and subsequently, the deliberate indifference claim, the fact that an assault actually occurred is material. The existence or nonexistence of the assault is the essence of the Complaint. Without a determination of whether the assault actually happened, the claims for excessive force and deliberate indifference cannot be decided.

> **B.     Admissible evidence presented by Plaintiff to the Court at this time is more than "unsubstantiated allegations" and is sufficient to defeat summary judgment.**

Plaintiff has presented various pieces of admissible evidence into the record at this stage that can be considered on summary judgment. This evidence consists, in part, of his verified complaint, his own affidavit, and portions of a declaration written by another inmate, James Steen. The evidence contained in these documents is sufficient at this time to defeat summary judgment.

A verified complaint is the equivalent of an opposing affidavit for summary judgment purposes, when the allegations contained therein are based on personal knowledge. *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991); *Davis v. Zahradnick*, 600 F.2d 458, 460 (4th Cir. 1979) (holding that factual allegations contained in a verified complaint may establish a prima facie case under 42 U.S.C. § 1983 sufficient to defeat summary judgment).

Plaintiff filed a verified complaint on January 2, 2019. ECF No. 1. The allegations in the Complaint are based on the personal knowledge of Plaintiff. To further corroborate his verified complaint, he swore and signed an affidavit, ECF No. 68-1 at 17-23, in response to Defendant's Motion for Summary Judgment that re-raised the allegations from the original verified complaint.

Defendants' objections to the Report are essentially one whole objection asking this Court to impermissibly weigh the evidence and make credibility determinations, which the Court cannot do. *See Jacobs*, 780 F.3d at 569 (emphasizing a court "cannot weigh the evidence or make credibility determinations" when ruling on a motion for summary judgment). Specifically, in the Prison Official Defendants' objection No. 12, ECF No. 96 at 6, they specifically argue, "Plaintiff's story lacks credibility and a reasonable inference to overcome summary judgment." Credibility issues are for the finder of fact, not the Court at this stage.

Plaintiff has also presented two declarations purportedly written by other inmates at Broad River in support of his claims. The first, ECF No. 1-3 at 1, purportedly written by John Kittrell, is neither signed nor sworn before a notary. The second, ECF No. 68-1 at 35, written by James Steen, is both signed and sworn. Evidence contained in John Kittrell's declaration should not have been considered by the Magistrate in making the Report. Portions of James Steen's declaration, however, are admissible at trial and were properly considered in the summary judgment recommendation. In any event, where Plaintiff's affidavit and verified complaint alone are sufficient to preclude summary judgment, whether or not other evidence should or should not be considered becomes no longer determinative.

Under Rule 56(e), an affidavit put forth to support or oppose summary judgment must "be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." Fed. R. Civ. P. 56(e). In addition, "it is well established that unsworn, unauthenticated documents cannot be considered on a motion for summary judgment." *Orsi v. Kirkwood*, 999 F.2d 86, 92 (4th Cir. 1993).

In the Report, the Magistrate states, "Given Plaintiff's and Steen's accounts and Kittrell's averment that Plaintiff was seen outside medical that day, Plaintiff has created a genuine factual dispute as to whether he was assaulted." The Magistrate Judge considered Kittrell's declaration in making the summary judgment recommendation. ECF No. 94 at 17. To the extent that any evidence contained in the declaration was used in making the determination, that evidence should not have been considered. The declaration contained no signature of anyone purporting to be "John Kittrell." *See* 28 U.S.C. § 1746. Further, it contained no affirmation from a notary, nor even a statement swearing the declaration's truth under penalty of perjury. This declaration falls short of

the requirements necessary in order to be considered as part of the summary judgment determination.

James Steen's declaration, however, is different. This declaration was attached as part of Plaintiff's Opposition to Defendants' Motion for Summary Judgment. ECF No. 68. This declaration was signed by "James Steen" and included a statement swearing the declared's truth under the penalty of perjury, pursuant to 28 U.S.C. § 1746 (allowing unsworn declarations to have full force and effect if the writer subscribes the statement as true under penalty of perjury).

Defendants object specifically to the Magistrate Judge's reliance on James Steen's declaration, claiming that it is "filled with hearsay." ECF No. 96 at 6. This claim, while not entirely unfounded, is irrelevant. In the Fourth Circuit, those opposing motions for summary judgment are required to submit supporting materials that are admissible at trial. *Lorraine v. Markel Am. Ins. Co.*, 241 F.R.D. 534, 535 (D.Md.2007) ("[T]o be entitled to consideration on summary judgment, the evidence supporting the facts set forth by the parties must be such as would be admissible in evidence"). However, a "nonmoving party could defeat summary judgment with materials capable of being reduced to admissible evidence at trial." *Cost Control Mktg. & Sales Mgmt. Of Virginia, Inc.*, 64 F.3d at 926 n. 8 (citing *Celotex*, 477 U.S. at 327).

Defendants contend that James Steen's declaration contains hearsay statements. Fed. R. Evid. 801(c) defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." For purposes of the hearsay rule, a statement is "(1) an oral or written assertion or (2) nonverbal conduct of a person, if it is intended by the person as an assertion." Fed. R. Evid. 801.

Steen's declaration does include statements that would violate the hearsay rule. ECF No.

68-1 at 35-36. Those statements, however, are irrelevant for purposes of deciding summary judgment in this case because the declaration does contain admissible evidence. This declaration can be, and should be, reduced to the admissible portions for purposes of trial, but that is not required at this stage. *Cost Control,* 64 F.3d at 926. Plaintiff, the nonmoving party, can defeat summary judgment with materials capable of being reduced to admissible evidence at trial, as Steen's declaration can be.

### C.    Defendants are not entitled to qualified immunity.

Defendants Brown, Vanderlinden, Jones, Young, Stephen, Bush, and Ocean argue that because Plaintiff's claims stand on nothing other than "unsubstantiated allegations," they are entitled to qualified immunity. The Court finds this objection to be wholly subsumed by the foregoing discussion, and is accordingly overruled. The Court has thoroughly reviewed the remainder of the Report to which no party objected and is satisfied that no plain error exists.

## V.    Conclusion

After a thorough review of the Report, the applicable law, and the record of this case in accordance with the applicable standard, the Court hereby adopts the Report and Recommendation, ECF No. 94, in its entirety. Accordingly, Defendants' Motion for Summary Judgment, ECF No. 50, is GRANTED in part and DENIED in part. Summary judgment is granted for Defendants on all claims except those against Defendants Brown, Vanderlinden, Jones, Stephen, Bush, and Ocean, in their individual capacities, for the use of excessive force and deliberate indifference to serious medical needs in violation of the Eighth Amendment. Defendant Nurse Collins' Motion for Summary Judgment, ECF No. 84, is GRANTED.

IT IS SO ORDERED.

8:19-cv-00016-SAL    Date Filed 06/03/20    Entry Number 109    Page 12 of 12

/s/Sherri A. Lydon  
Sherri A. Lydon  
United States District Judge

June 2, 2020

Florence, South Carolina